**Earl J. TATUM, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16773.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 14, 1962.

Nov. 1, 1962.

Mr. Vernon L. Wilkinson, Washington,. D. C. (appointed by this court), for appellant.

Mr. Paul A. Renne, Asst. U. S. Atty.,. with whom Messrs. David C. Acheson, U.. S. Atty., Victor W. Caputy, Asst. U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty., at the time of argument, were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY, and. BURGER, Circuit Judges.

PER CURIAM.

On July 28, 1961, in sentencing appellant under D.C.Code Ann. § 24–203. (1961), pursuant to a motion to correct.

an alleged invalid sentence, the District Court vacated an earlier sentence, entered June 2, 1961, of three to nine years under the Federal Youth Corrections Act, 18 U.S.C. § 5010(c) (1958), for robbery. No appeal had been taken from the June judgment and sentence. The present appeal was allowed by this court on the basis of appellant's petition alleging error only with respect to the sentencing.

When the motion for correction of sentence was heard the court and both counsel stipulated that the original sentence did not conform to the statute since the Youth Corrections Act does not permit a minimum sentence. On resentencing the District Judge explained the reason for fixing a minimum term in his original sentence was to assure a break from Tatum's environment.[1]

The court then vacated the original sentence and imposed a new sentence of thirty-four months to one hundred and two months under the indeterminate sentence law, D.C.Code Ann. § 24–203 (1961), rather than under the Youth Corrections Act.

■■■ If appellant's first sentence was lawful a second sentence could not lawfully be imposed which increased it or made it more severe, once he had commenced serving confinement under it. Ex parte Lange, 85 U.S. (18 Wall.) 163, 173, 21 L.Ed. 872 (1873); In re Bradley, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 500 (1943). Cf. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931). See also United States v. Rosenstreich, 204 F.2d 321 (2d Cir., 1953). The first sentence although erroneous in that part which undertook to fix a three year minimum, was a lawful sentence which appellant began to serve as a sentence under the Youth Corrections Act. Therefore a new sentence could not lawfully be imposed if it was increased or

more severe. The question then arises whether the second sentence imposed must be regarded as an increased or more severe sentence

It is contended that the second or "corrective" sentence is more severe in that it has a fixed three year minimum, whereas the Youth Corrections sentence has none; that it is a sentence to imprisonment where as the Youth Corrections sentence is primarily rehabilitative.

It is entirely speculative, however, whether a Youth Corrections sentence would be more or less severe in its duration than the second sentence imposed by the court. Cunningham v. United States, 256 F.2d 467 (5th Cir., 1958), demonstrates that a sentence under the Youth Corrections Act can well be longer than an adult penal sentence. There a youth was convicted of a misdemeanor carrying a maximum penalty of *one year* but was committed under the Youth Corrections Act for a *six year* maximum. 18 U.S.C. § 5010(b). After serving one year he sought release contending that confinement for more than one year was an unconstitutional application of the Youth Corrections Act. His claim was rejected and he was subject thus to confinement more than one year and the risk of six years' confinement for an offense which had he been sentenced under the adult penal statute would have been only one year, or less. It is open to question whether the minimum term under the second sentence makes it more severe in duration than the valid limits of the first since there is no way of knowing the length of the term to which it is compared.

■ However, we see one distinction of critical importance, especially to a young man, and that is the factor of the record of a criminal conviction which is inseparable from the second sentence. A

1. "I was interested in making use of that Act for the benefits which would flow or possibly flow to the defendant therefrom, provided defendant could be given the benefit thereof without the defendant returning to society too soon or be- fore he was ready to become a part thereof. * * * I felt that the acts of the defendant Tatum required that he be removed from society for a minimum of three years * * *."

856

youth offender committed under the provisions of the Youth Corrections Act upon his release unconditionally before the expiration of the maximum sentence imposed is entitled to have the conviction set aside "automatically" and not as a matter of discretion. This feature of the Youth Corrections Act gives it an operative effect, which presents a marked and important difference from a criminal conviction which can be relieved only by a presidential pardon and then only to a limited extent.[2] Thus apart from and more important than the other differences urged upon us, a person sentenced under the Youth Corrections Act can, by virtue of his own good conduct, be spared the lifelong burden of a criminal record. Even though a Youth Corrections sentence could well be longer, as in Cunningham v. United States, supra, it can, by the choice and conduct of the individual, become a non-criminal episode so far as the public records are concerned.

We are satisfied that the prospect of having the conviction "automatically" set aside under 18 U.S.C. § 5021 (1958),[3] is a difference so important as to outweigh the possibility of longer confinement and to warrant the conclusion that the second sentence was more severe than the first and could not be imposed after appellant had commenced serving the sentence first imposed. The second sentence imposed will be set aside and the appellant will be resentenced under the Youth Corrections Act. This will operate, in effect, to reinstate the sentence first imposed carrying no minimum term.

Sentence set aside and case remanded for resentencing pursuant to this opinion.

2. The provision of the Federal Youth Corrections Act, 18 U.S.C. § 5021 (1958), appears to provide greater relief than would a presidential pardon of the same offense. The former acts to expunge the conviction and the record while the latter "releases the offender from all disabilities imposed by the offense, and restores to him all his civil rights." Knote v. United States, 95 U.S. 149, 153, 24 L. Ed. 442 (1877).

3. 18 U.S.C. § 5021: "Upon the unconditional discharge by the Division of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the Division shall issue to the youth offender a certificate to that effect."