John H. DAVENPORT, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 18583, 18923.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 16, 1965.

Decided by Judgment Entered
Sept. 23, 1965.

Opinion Decided Nov. 10, 1965.

Mr. Rawlings Ragland, Washington, D. C. (appointed by this court) with whom Mr. Thomas J. Schwab, Washington, D. C., was on the brief, for appellant.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., at the time the brief was filed, and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Messrs. John C. Conliff, Jr., U. S. Atty., Anthony A. Lapham, Asst. U. S. Atty., and Lawrence S. Schaffner, Asst. U. S. Atty., at the time the record was filed, also entered appearances for appellee.

Before EDGERTON, Senior Circuit Judge, and WASHINGTON and McGOWAN, Circuit Judges.

PER CURIAM:

In a three-count indictment filed June 12, 1961, appellant was charged with assault with a dangerous weapon, assault with intent to kill, and carrying a dangerous weapon. All three charges grew out of the May 9 shooting of one Emma Lee Hill. Appellant entered pleas of guilty to the first and third counts on July 27, 1961, and received concurrent sentences of 3 to 9 years and 1 year, respectively. Some seven months later Emma Lee Hill died as a result of wounds received in the shooting, and appellant was thereupon indicted for murder in the first degree. In October, 1962, he pleaded guilty to the lesser included offense of manslaughter and was later sentenced, by a different judge, to a 3 to 9 year term, to "commence upon the termination of the sentence he is now serving." Appellant thus faced imprisonment for a maximum period of 18 years for his attack on Emma Lee Hill. The maximum sentence for manslaughter permitted by local statute is 15 years. 22 D.C.Code § 2405.

No. 18583

This appeal is from the denial, after a hearing, of appellant's motion for correction of an illegal sentence under Rule 35, Fed.R.Crim.P. He contends that, because the two crimes of which he was convicted (assault with a dangerous weapon and manslaughter) "arose from but a single act on his part," the District Court was not authorized to sentence for consecutive terms. We agree with appellant's conclusion.

In its recent decisions the Supreme Court has made increasingly clear that whether concededly distinct offenses growing out of the same act can be consecutively punished depends on the intention of Congress. See, e. g., Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, 59 A.L.R.2d 940 (1957); Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955). The Court has also said that when the intention of Congress in this respect is unclear, its enactments should be construed leniently. See Prince v. United States, supra; Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). We have recently had occasion to apply these principles in another, though closely related, context. Ingram v. United States, 121 U.S.App.D.C. ——, 353 F.2d 872, No. 18,568, (order vacating sentence and remanding for resentencing entered June 29, 1965, and opinion filed November 4, 1965). Our examination of the language and history of the two statutes involved in this case, §§ 502 and 2405 of Title 22 of the D.C.Code, has proved inconclusive. For the reasons already so well explored by Judge Fahy in his opinion for the court in *Ingram*, therefore, we are constrained to hold that Congress did not intend to authorize consecutive punishments for aggravated assault and manslaughter in these circumstances, and that appellant's Rule 35 motion should have been granted.

Reaching this conclusion does not end our problem, however. The appropriate

remedy in this situation would appear to be to vacate appellant's manslaughter sentence and remand his case to the District Court for resentencing, but neither appellant nor the United States urges us to follow that course. Appellant urges that we simply correct his manslaughter sentence (3 to 9 years) to run concurrently with his sentence (3 to 9 years) for assault with a dangerous weapon since, he contends, he cannot now be resentenced to a longer, *concurrent* term on the former charge and it is highly unlikely that the sentencing judge would sentence him to a shorter one. His premise is that he has already begun serving, at least for some purposes, the minimum (3 years) portion of his second sentence,[1] and that a sentence on which service has begun cannot lawfully be increased. See Tatum v. United States, 114 U.S.App.D.C. 49, 310 F.2d 854 (1962). The Government, on the other hand, disputes appellant's factual premise, arguing persuasively that, except for purposes of assessing appellant's eligibility for parole, he will not be deemed to have begun serving his manslaughter sentence until he has completed all 9 years of his first sentence for assault. The Government argues, instead, that even if appellant's contention that he cannot be consecutively sentenced be accepted, he is now serving what amounts to a 6 to 19 year sentence for an offense punishable by a maximum of 15 years. All we need do, it suggests, is reduce his present maximum term by 3 years in order to bring it within the maximum permitted by the statute.

In our view, we need not resolve the questions posed by appellant, but neither need we accept the recommendation pressed upon us by the United States.[2] Appellant's sentence for manslaughter was "illegal," within the meaning of Rule 35, not, principally, because it exposed him to imprisonment for a term longer than the maximum provided for either offense, but because it in effect punished him twice (consecutively) for an act that Congress did not intend should receive double punishment. His second sentence, thus, was illegal because it was consecutive, and that illegality infects the sentence in its entirety. We held in Hayes v. United States, 102 U.S.App.D.C. 1, 249 F.2d 516 (1957), cert. denied, 356 U.S. 914, 78 S.Ct. 672, 2 L.Ed.2d 586 (1958), that a defendant who successfully attacks an invalid sentence can "be validly resentenced though the resentence increased the punishment." Tatum v. United States, *supra,* is not to the contrary, for there the court assumed that the appellant's original sentence was lawful.[3]

Appellant's sentence for manslaughter is vacated, and this case is remanded to the District Court for resentencing only on the manslaughter count. That court may, in its discretion, impose any sentence within the statutory maximum of 15 years, to be computed from August 25, 1961, when appellant was first sentenced for assault with a dangerous weapon.

### No. 18923

Appellant also appeals from the District Court's denial, after sen-

---

1. Appellant's sentence for assault with a dangerous weapon commenced to run on August 25, 1961, the date of its imposition. Three years from this date had expired before the briefs were filed or arguments heard in this case.

2. On its face the Government's proposal would seem to entail a violation of the local indeterminate sentence statute, 24 D.C.Code § 203, which provides that the minimum portion of a sentence specifying the period after which the defendant will be eligible for parole shall not exceed "one-third of the maximum sentence im-

posed." Moreover, it would require us to assume that the District Judge who imposed appellant's manslaughter sentence intended that he serve the maximum period provided for that offense.

3. The rule accepted in that case was articulated as follows: *"If appellant's first sentence was lawful* a second sentence could not lawfully be imposed which increased it or made it more severe, once he had commenced serving confinement under it." 114 U.S.App.D.C. at 50, 310 F.2d at 855 (Emphasis added.)

tence and after a hearing, of his motion to withdraw his plea of guilty to the charge of assault with a dangerous weapon. He claimed that he was not informed, at the time he entered his plea, that he could subsequently be prosecuted for murder if Emma Lee Hill died within a year and a day of the shooting or that his plea could be used against him in such a prosecution. A motion to withdraw a plea of guilty is addressed to the discretion of the trial court, and, when it follows the imposition of sentence, requires a showing of "manifest injustice." FED.R.CRIM.P. 32(d). See Smith v. United States, 116 U.S.App. D.C. 404, 324 F.2d 436 (1963), cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975 (1964). On this record we cannot say that such a showing was made so convincingly that the District Court's denial of appellant's motion amounted to an abuse of discretion.

No. 18583 is reversed and remanded for resentencing.

No. 18923 is affirmed.