UNITED STATES of America, Appellant,

v.

Duane Thomas McMAINS, Appellee.

No. 76–1091.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1976.

Decided July 30, 1976.

Allen L. Donielson, U. S. Atty., and Paul A. Zoss, Asst. U. S. Atty., Des Moines, Iowa, Joseph Ciolino, Atty., Crim. Div., U. S. Dept. of Justice, Washington, D. C., for appellant.

Patrick J. Life, Oskaloosa, Iowa, on brief, for appellee.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

ROSS, Circuit Judge.

The United States appeals from a district court order directing that all records of Duane Thomas McMains' 1971 federal conviction for misprision of a felony be expunged.

In 1971 an Information was filed in the district court, charging McMains with concealing and failing to report a robbery of a federally insured bank, in violation of 18 U.S.C. § 4. McMains entered a plea of guilty and was sentenced to three years probation under the Federal Youth Correc-

tions Act, 18 U.S.C. § 5005 *et seq.*[1] Thereafter, in January 1974 he was unconditionally discharged from probation. Under 18 U.S.C. § 5021(b) McMains' discharge from probation operated to automatically "set aside" his conviction.

In August 1975 McMains submitted a letter to the district court requesting that the record of his conviction be expunged. In an *ex parte* order the court granted the relief sought, finding implicit authority therefor in 18 U.S.C. § 5021(b). Thereafter, the United States moved for reconsideration of the order. The motion was overruled and this appeal followed.

The government contends that the district court lacked authority to expunge the record of McMains' conviction. It argues that expunction is permissible only where authorized by statute, or, in extraordinary cases, where equitable principles warrant such relief, and that neither of those criteria is satisfied here. McMains contends that the court's order was proper, both under the Youth Corrections Act, and as an exercise of its inherent equitable powers.

### A. The Youth Corrections Act.

The Youth Corrections Act was designed as a sentencing alternative whereby youthful offenders showing promise of becoming useful citizens would be provided with a program of treatment aimed at rehabilitating them and restoring normal behavior patterns. *See Dorszynski v. United States,* 418 U.S. 424, 432–34, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); H.R.Rep. No. 2979, 81st Cong., 2d Sess., 2 U.S.Code Cong.Serv. p. 3983 (1950). One of the benefits available to an offender sentenced under the Act is that he may, upon successful completion of the treatment program, have his conviction "set aside." *See* 18 U.S.C. § 5021, which provides:

(a) Upon the unconditional discharge by the division of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the division shall issue to the youth offender a certificate to that effect.

(b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

The offender is thus spared at least part of the stigma ordinarily attendant to a criminal conviction.

McMains contends that section 5021 should be read to authorize expunction of the record of the conviction as well as the conviction itself. He argues that such a construction is necessary to effectuate the rehabilitative goals of the Act.

Cases which have directly considered the question of record expunction under the Youth Corrections Act reflect divergent viewpoints. A few have indicated, in dictum, that the statute authorizes it, reasoning that record expunction is necessary to fulfill the statutory purposes. *See United States v. Fryer,* 402 F.Supp. 831 (N.D. Ohio 1975); *United States v. Glasgow,* 389 F.Supp. 217, 224 n. 17 (D.D.C.1975). *See also Tatum v. United States,* 114 U.S.App. D.C. 49, 310 F.2d 854, 856 (1962). The only court which has been squarely presented with the issue, however, reached the opposite conclusion. *Fite v. Retail Credit Co.,* 386 F.Supp. 1045, 1047 (D.Mont.1975).

Commentators who have addressed the question are also in disagreement. *Compare* Gough, *The Expungement of Adjudication Records of Juvenile and Adult Offenders: A Problem of Status,* 1966 Wash. U.L.Q. 147, 151–52 (Act is clearly not an expunging statute) *with* Schaefer, *The Federal Youth Corrections Act: The Purposes and Uses of Vacating the Conviction,* 39 Fed.Probation 31 (Sept.1975) (section 5021 should be read as providing for complete record expungement).

---

1. The specific provision under which McMains was sentenced is 18 U.S.C. § 5010(a).

The legislative history underlying the Act is similarly inconclusive. Three witnesses touched on the subject of record expunction under the Act in testimony before a Senate subcommittee. Judge Bolitha J. Laws testified:

> Committed youth offenders who earn their final discharges before the end of their maximum term have their records cleared and all their civil rights restored.

*Hearings on S. 1114 and S. 2609 Before a Subcomm. of the Senate Comm. on the Judiciary,* 81st Cong., 1st Sess. 14 (1949). Judge Laws later stated:

> When the Division turns them out ahead of their maximum sentence, this law blots out their sentence and lets them go without any stigma on their life  *  *.

*Id.* at 19. Similar sentiments were expressed by Judge John J. Parker:

> [T]here is one feature in this bill which is very salutary and that is that if the youth offender is reclaimed in the opinion of the Board and they decide to release him, they can strike out the sentence imposed upon him and completely set aside his conviction so that he will not have a criminal record staring him in the face.

*Id.* at 45. A contrary view, however, was offered by Judge Orie L. Phillips:

> Well, of course the act does provide for the wiping out of the conviction if the youth is discharged, rehabilitated and behaves himself after his period of supervision. The purpose of that is to help him get a job and keep him from having to be turned down by a prospective employer because of the fact that he has had a conviction. It does not entirely remove the difficulty but he can say to the prospective employer, "I have gone through this thing. They think I am rehabilitated and they have given me this clearance and I think I am rehabilitated and can make good."

*Id.* at 70.

On the basis of our own reading of the statutory language, in light of the purposes sought to be achieved by the Act, we hold that the Act does not authorize expunction of the record of a conviction which has been set aside pursuant to section 5021. First, the language of section 5021 does not plainly provide for record expunction. We are confident that had Congress intended to authorize expunction, it would have manifested that intent with far greater clarity. It has done so on other occasions. *See* 21 U.S.C. § 844(b)(2). Second, the fact that section 5021 provides for the issuance of a certificate to the offender upon the setting aside of his conviction militates against a construction favoring expunction. Had Congress intended to provide for complete eradication of the offender's criminal record, such a certificate would seem unnecessary. Third, it would be incongruous to infer a statutory right to expunge a conviction when there is no statutory right, in most cases, to expunge the record of an arrest that does not result in a prosecution.

It is arguable that record expunction would further the purposes sought to be achieved by the Youth Corrections Act. Nevertheless, we cannot say that the Act is ineffectual without it. In enacting the Youth Corrections Act in its current form, it appears that Congress has chosen to strike a balance between rehabilitation of youthful offenders and the important societal interests served by criminal record-keeping. We are bound by what we perceive to be Congress' intent.

## B.  Equitable Powers.

Apart from the Youth Corrections Act, it remains to be considered whether the district court's order may be sustained as an exercise of the court's inherent equity powers.

It is established that the federal courts have inherent power to expunge criminal records when necessary to preserve basic legal rights. *See Chastain v. Kelley,* 167 U.S.App.D.C. 11, 510 F.2d 1232, 1235 (1975); *Menard v. Saxbe,* 162 U.S.App.D.C. 284, 498 F.2d 1017, 1023 (1974); *Sullivan v.*

*Murphy,* 156 U.S.App.D.C. 28, 478 F.2d 938, 968, *cert. denied,* 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973); *United States v. McLeod,* 385 F.2d 734, 749–50 (5th Cir. 1967). The power is a narrow one, usually exercised in cases of illegal prosecution or acquittals and is not to be routinely used. *See United States v. Linn,* 513 F.2d 925, 927 (10th Cir. 1975), *cert. denied,* 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1976); *Rogers v. Slaughter,* 469 F.2d 1084–85 (5th Cir. 1972).

■ We hold that the instant case presents no extraordinary circumstances warranting expunction of McMains' record. To hold otherwise would accomplish by judicial fiat what Congress refrained from doing legislatively in the Youth Corrections Act.

The district court's order directing that the records of McMains' 1971 felony conviction be expunged is vacated.

HEANEY, Circuit Judge (dissenting).

I respectfully dissent. The admitted doubt as to congressional intent should be resolved in favor of giving district court judges the discretion to expunge the record of youthful offenders. These judges are in the best position to determine whether the broad purposes of the Act will be best served by expunging the record or leaving it as is. I find no abuse of discretion here and would affirm the district court.