**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John DOE, Defendant-Appellant.**

No. 76–2648.

United States Court of Appeals, Sixth Circuit.

June 6, 1977.

Stanley I. Adelstein, Stephen T. Parisi, Burke, Haber & Berick, R. Jeffrey Pollock, for defendant-appellant.

Frederick M. Coleman, U. S. Atty., William D. Beyer, Solomon Oliver, Jr., Asst. U. S. Atty., Cleveland, Ohio, for plaintiff-appellee.

Before CELEBREZZE and LIVELY, Circuit Judges, and RUBIN,* District Judge.

LIVELY, Circuit Judge.

The question presented by this appeal is whether a person who has been sentenced pursuant to the Federal Youth Corrections Act (the Act), 18 U.S.C. § 5005 *et seq.* and whose conviction has been set aside pursu-

---

* The Honorable Carl B. Rubin, Judge, United States District Court for the Southern District of Ohio, sitting by designation.

ant to 18 U.S.C. § 5021(b) [1] is entitled to have the record of his conviction expunged.

Appellant pled guilty to a charge of embezzlement from a bank whose deposits were insured by the Federal Deposit Insurance Corporation and was placed on probation for two years under the provisions of 18 U.S.C. § 5010(a).[2] Approximately 17 months later he made a motion before the sentencing judge for unconditional discharge from probation pursuant to Section 5021(b), *supra*. The motion further requested entry of an order—

(a) Directing the expungement and deletion of any and all records, reports, index references, documents, photographs, fingerprints, and any and all other memoranda, notes, or materials pertaining to the defendant in this case, whether directly or indirectly, held by or in the custody of or within the jurisdiction of this Court, the United States Probation Office, the United States Department of Justice, the Federal Bureau of Investigation, the United States Marshall's [sic] Office, and whether within this state or any other state, district, territory or commonwealth.

(b) Declaring that the status of the defendant is identical to that before the event occurred upon which he was convicted, and further that the proceedings in this case shall be deemed never to have occurred.

The District Judge granted the motion for unconditional discharge from probation in an order which provided "that the judgment of conviction entered by this Court on March 31, 1975 should be set aside pursuant to Section 5021(b) Title 18 U.S.Code . . . ." The district court also issued a certificate to the effect that the conviction had been set aside pursuant to Section 5021(b).

The purpose of the Youth Corrections Act is to enhance the probability of rehabilitation of youthful offenders. The Act seeks to attain this goal in part by providing that the conviction of a youthful offender is automatically set aside if his conduct following conviction leads the court, in the exercise of its discretion, to discharge him unconditionally from probation prior to the expiration of the maximum period fixed at sentencing. However, the Act contains no provision for expungement of the record of conviction after it has been set aside and the certificate required by Section 5021(b) has been issued.

In *Tatum v. United States*, 114 U.S.App. D.C. 49, 310 F.2d 854 (1962), the court noted that the requirement of Section 5021(b) that the conviction be automatically set aside provides relief which is greater than that embodied in the presidential pardon of a criminal conviction. One who is pardoned is merely released from the disabilities attendant upon conviction and has his civil rights restored, whereas Section 5021(b) "acts to expunge the conviction and the record . . . ." *Id.* at 856 n. 2. A similar view of the Act was expressed in *Morera v. United States Immigration and Naturalization Service*, 462 F.2d 1030, 1032 (1st Cir. 1972), where the court stated:

The clear purpose for the automatic setting aside of a youthful offender's conviction if he responds satisfactorily to treatment under the Youth Correction Act is to relieve him not only of the usual disabilities of a criminal conviction, but also to give him a second chance free of a record tainted by such a conviction. (citations omitted).

The court held in *Morera* that a defendant whose conviction under the Act had

1.  (b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

2.  § 5010. Sentence

(a) If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation.

been set aside was not subject to deportation on the basis of that conviction. This court reached a similar conclusion in *United States v. Fryer*, 545 F.2d 11 (6th Cir. 1976). There we held that a conviction which had been set aside under the Act could not be used as the basis of later charges of possession of a firearm by one previously convicted (18 U.S.C.App. § 1202(a)) or failure to disclose a conviction when purchasing a firearm (18 U.S.C. § 922(a)(6)). In *Fryer* this court referred to the conviction which had been set aside as one "expunged from the record by the Youth Corrections Act." *Id.* at 13. A careful reading of the entire opinion in *Fryer* discloses that the reference to expungement equated that term with vacating the judgment of conviction. In footnote 3, page 13, the court, after reciting the entry of the order discharging the previously convicted youth offender from probation and the issuance of a certificate vacating the conviction pursuant to the Act, stated, "[t]he full benefits of the Youth Corrections Act were thus extended to the defendant." The actions recited in the footnote which conferred the full benefits of the Act were precisely those performed by the District Judge in the present case.

The only reported decision which has come to our attention that deals directly with the issue in this case is *United States v. McMains*, 540 F.2d 387 (8th Cir. 1976). There the court held, " . . . the Act does not authorize expunction of the record of a conviction which has been set aside pursuant to section 5021." *Id.* at 389. The reasons given for this conclusion are convincing. Congress could easily have provided for expungement in the Youth Corrections Act if it had so intended. A specific provision for expungement is contained in 21 U.S.C. § 844(b)(2), which relates to first offenders convicted of simple possession of controlled substances.

Though several courts, including this court in *Fryer, supra,* have referred to the Act as an expungement statute, none has ordered a record expunged. The Act is an expungement statute in that it causes a conviction to be set aside or "annulled," *see* Webster's Third New International Diction-

ary (1971), once the district court exercises its discretion to grant a motion for early discharge from probation. This automatic effect of the discharge and the requirement of a certificate provide a unique shield from the prejudicial effects of a criminal conviction. However, there is no provision in the Act which authorizes or requires obliteration of the court record of conviction.

The appellant contends in his second statement of issues that the district court applied an improper test in determining not to exercise its equity jurisdiction to expunge the record. It is within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case. However, there was no showing in the present case of any circumstances which would render the district court's denial of the request for expungement an abuse of discretion.

It should be noted that 28 U.S.C. § 534 has been construed to require the FBI to take reasonable measures to safeguard the accuracy of information in its criminal files which is subject to dissemination. *Tarlton v. Saxbe*, 165 U.S.App.D.C. 293, 507 F.2d 1116 (1974). If there are FBI records which disclose appellant's conviction but fail to reflect the fact that it has been set aside, appellant can require the correction of these records.

In accordance with the motion of appellant, the court has changed the style of the case to show "John Doe" as appellant in order to prevent unnecessary dissemination of information about the conviction which has been set aside.

The judgment of the district court is affirmed.