892 F.2d 1042
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
John DOE, Appellant.
 No. 89-7528.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 2, 1989.
Decided: Nov. 29, 1989.
 
 1
 William H. Dazey, Jr., for appellant.
 
 
 2
 John Michael Barton (E. Bart Daniel, United States Attorney; Marvin J. Caughman, Assistant United States Attorney, on brief), for appellee.
 
 
 3
 Before SPROUSE, Circuit Judge, BUTZNER, Senior Circuit Judge, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 PER CURIAM
 
 4
 On December 16, 1981, a judgment of conviction was entered against appellant, John Doe, pursuant to the Federal Youth Corrections Act, committing him for treatment and supervision pursuant to 18 U.S.C. § 5010(b), now repealed.
 
 
 5
 On July 22, 1987, the United States Parole Commission issued a certificate for Doe purporting to set aside his conviction pursuant to 18 U.S.C. § 5021, Doe having been unconditionally discharged from parole prior to the expiration of the maximum sentence allowable.
 
 
 6
 Subsequent thereto, on November 16, 1988, Doe filed a motion for order of expungement with the district court accompanied by a request for an evidentiary hearing.
 
 
 7
 On January 19, 1989, without having heard evidence or argument, the district court entered an order denying the motion. We affirm.
 
 
 8
 Concluding, as we do, that the trial judge was correct in holding that the Federal Youth Corrections Act does not require expungement of a set-aside conviction, we deem it both unnecessary and inappropriate to address the constitutional issue arising from the repeal of the Act subsequent to Doe's conviction.
 
 
 9
 We hold, as did the district court, that 18 U.S.C. § 5021(a) does not authorize expungement of conviction records. This is a view which is held by a majority of circuits, including the First, Sixth, Seventh, Eighth and Eleventh. See United States v. McMains, 540 F.2d 387 (8th Cir.1976), United States v. Doe, 556 F.2d 392 (6th Cir.1977), United States v. Doe, 732 F.2d 229 (1st Cir.1984); United States v. Doe, 747 F.2d 1358 (11th Cir.1984); United States v. Gardner, 860 F.2d 1391 (7th Cir., 1988); United States v. Doe, 859 F.2d 1334 (8th Cir.1988).
 
 
 10
 The leading case to the contra is that of Doe v. Webster, 606 F.2d 1226 (D.C.Cir.1979), authorizing expungement of conviction records.
 
 
 11
 We agree with appellant that, as expressed in McMains, supra, federal courts have an inherent power to expunge criminal records when necessary to preserve basic legal rights, under extraordinary circumstances. This authority was recognized by the trial judge when, in our view, he properly refused to exercise such discretion. We find nothing in the record requiring action to preserve appellant's basic legal rights, nor is there anything contained in appellant's trial motion suggesting extraordinary circumstances such as to warrant the extraordinary relief he seeks.
 
 
 12
 AFFIRMED.