**Walker LATIMORE, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 88–1112, 88–1113.**

District of Columbia Court of Appeals.

Argued Jan. 17, 1991.

Decided Sept. 20, 1991.

As Amended Dec. 30, 1991.

M. Elizabeth Kent, Washington, D.C., appointed by this court, for appellant. Nicholas J. Hluchyj, Washington, D.C., appointed by this court, was on the brief, for appellant.

Ann L. Rosenfield, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, and TERRY and WAGNER, Associate Judges.

TERRY, Associate Judge:

In case No. 88–1113 a jury found appellant Latimore guilty of one count each of distribution of phencyclidine (PCP), distribution of marijuana, possession of PCP with intent to distribute it, and possession of marijuana with intent to distribute it.[1]

---

**6.** See footnote 4 of the majority opinion, *ante* at 357.

**1.** All of these offenses are violations of D.C.Code § 33–541(a)(1) (1988).

Since Latimore was nineteen years old at the time of sentencing, the court sentenced him under the Youth Rehabilitation Act (YRA), D.C.Code §§ 24–801 to 24–807 (1989), to concurrent terms of ten years' incarceration for distribution of PCP and one year each for the other three offenses. Latimore's sole contention on appeal is that these concurrent one-year sentences must be set aside because they frustrate one of the purposes of the YRA. We agree, and accordingly we vacate all the sentences and remand the case for resentencing.[2]

I

Before October of 1984, judges in our Superior Court could sentence youthful offenders under the Federal Youth Corrections Act (FYCA), 18 U.S.C. §§ 5005–5026 (1982). When Congress repealed the FYCA in the course of enacting a major federal criminal statute,[3] the Council of the District of Columbia moved quickly to fill the resulting void. Bill No. 6–47 was introduced and in due course enacted into law by the Council as the Youth Rehabilitation Act, D.C.Law 6–69, 32 D.C.Reg. 7395 (1985).

The FYCA had provided in pertinent part:

If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and su-

pervision pursuant to this chapter until discharged by the [Parole] Commission as provided in section 5017(c) of this chapter....

18 U.S.C. § 5010(b).

A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

18 U.S.C. § 5017(c). A practical effect of these two provisions was to prevent a judge from imposing a sentence of more than six years under section 5010(b), the most frequently used provisions of the FYCA.[4] However, a youth offender could be committed under the FYCA for up to six years even for offenses carrying maximum adult sentences of less than six years. *See Tatum v. United States*, 114 U.S.App.D.C. 49, 310 F.2d 854 (1962); *Cunningham v. United States*, 256 F.2d 467, 471–473 (5th Cir.1958).

The bill originally introduced before the Council contained language similar to that in section 5010(b) of the FYCA, except that it expressly limited the maximum sentence which a judge could impose under the act to six years. Section 4(b) of the initial version of Bill 6–47 provided:

If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment oth-

---

**2.** In case No. 88–1112 Latimore pleaded guilty to one count of distributing PCP in exchange for the government's dismissal of yet another pending indictment. The court sentenced him to three years' incarceration under the YRA in that case, to be served consecutively to his ten-year aggregate term in case No. 88–1113. On appeal in No. 88–1112 the only claim of error asserted in Latimore's brief was that consecutive sentences under the YRA were impermissible. At oral argument, however, his counsel withdrew that claim. We therefore affirm the judgment in No. 88–1112.

**3.** Comprehensive Crime Control Act of 1984, Pub L. No. 98–473, § 218(a)(8), 98 Stat. 1837,

2027 (1984). The repeal of the FYCA was effective October 12, 1984. *Id.* § 235(a)(1)(A), 98 Stat. at 2031.

**4.** Another provision, 18 U.S.C. § 5010(c), allowed a sentencing court to commit a youth offender for a period up to the maximum term allowed for an adult, but only upon a finding that the youth offender "may not be able to derive maximum benefit" from a sentence under section 5010(b). The corresponding release provision, 18 U.S.C. § 5017(d), mandated a conditional discharge from custody at least two years before the expiration of the sentence and permitted an unconditional discharge one year or more after a conditional discharge.

erwise provided by law, sentence the youth offender for treatment and supervision pursuant to this act for a period not to exceed six years. The youth offender shall serve the sentence of the court unless sooner released as provided in section 5 of this act.

COUNCIL OF THE DISTRICT OF COLUMBIA, COMMITTEE ON THE JUDICIARY, REPORT ON BILL No. 6-47 (1985) (hereinafter REPORT), Attachment 1 at 2-3. Section 5(c) of the original bill was likewise identical to section 5017(c) of the FYCA. *Id.*, Attachment 1 at 4. Thus it would have been possible under the original bill, as under the FYCA, for a youth offender to receive a six-year sentence for an offense that carried a maximum adult sentence of less than six years—*e.g.*, any misdemeanor.

This possibility was of concern to many of those who testified before the Council on Bill 6-47. *See, e.g.*, Statement of Charles J. Ogletree, Deputy Director, Public Defender Service, *reprinted in* REPORT, *supra*, Attachment 5 at 10; Statement of M. Shanara Gilbert, Chairperson, Washington Chapter, National Conference of Black Lawyers, *reprinted in* REPORT, *supra*, Attachment 12 at 6; Statement of Stephen G. Milliken, Esquire, *reprinted in* REPORT, *supra*, Attachment 13 at 5. The Council therefore amended sections 4(b) and 5 of the bill to read:

Sec. 4. (a)....

(b) If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, *the court may sentence the youth offender for treatment and supervision pursuant to this act up to the maximum penalty of imprisonment otherwise provided by law.* The youth offender shall serve the sentence of the court unless sooner released as provided in section 5 of this act.

\* \* \* \* \* \*

Sec. 5. (a) A committed youth offender *may* be released conditionally under supervision whenever appropriate.

(b) A committed youth offender *may* be unconditionally discharged at the expiration of one year from the date of conditional release.

REPORT, *supra*, Attachment 2 at 2-3 (emphasis added). This amended version of Bill 6-45 was enacted by the Council. Section 4(b) is now codified at D.C.Code § 24-803(b), and section 5 is now D.C.Code § 24-804.

One of the three stated purposes of the YRA, perhaps the most important of the three, is to provide an "opportunity for a deserving youth offender to start anew through expungement of his criminal record." REPORT, *supra* at 2. Under the YRA as finally enacted, a youth offender may be sentenced up to the maximum adult term of confinement applicable to the crime of which he or she is convicted. D.C.Code § 24-803(b). Thereafter, however, the youth offender (unlike an adult) "may be released conditionally under supervision whenever appropriate," D.C.Code § 24-804(a), and may be unconditionally discharged at the end of one year from the date of the conditional release. D.C.Code § 24-804(b). At this point another section of the YRA comes into play. If the unconditional discharge contemplated in D.C.Code § 24-804(b) occurs "before the expiration of the maximum sentence imposed upon [the youth offender], the conviction *shall* be automatically set aside and the court shall issue to the youth offender a certificate to that effect." D.C.Code § 24-806(a) (emphasis added).

II

█ There can be no doubt that the language and legislative history of D.C.Code § 24-803(b) permitted the trial court to impose on Latimore YRA sentences equal to the maximum adult sentences applicable to the crimes he committed. It is also undisputed that the sentences actually imposed did not exceed those maximum adult sentences. *See* D.C.Code § 33-541(a)(2)(A) (maximum of fifteen years for distribution of PCP and possession of PCP with intent to distribute it); D.C.Code § 33-541(a)(2)(D) (maximum of one year for same offenses relating to marijuana). Latimore argues that he should nevertheless be resentenced because the sentence imposed deprives him

of the opportunity to seek expungement of his criminal record, which is one of the express purposes of the YRA.

Specifically, Latimore asserts that he will never have the benefit of expungement of the three concurrent one-year sentences he received in this case. He is quite correct, for there is a major flaw in the statute. His three one-year sentences can be automatically set aside only if he is unconditionally discharged *before* the sentences expire. D.C.Code § 24–806(a). However, because he can only be unconditionally discharged one year *after* he is conditionally discharged, D.C.Code § 24–804(b), the one-year sentences will have already expired by the time he is eligible for an unconditional discharge, even if he is conditionally discharged on the same day each one-year sentence begins. Thus his convictions on these three charges can never be expunged under the automatic set-aside provision of section 24–806(a).[5]

The Council apparently recognized this problem, for it temporarily amended the YRA in 1987 "to provide for conviction set-aside for committed youth offenders who receive sentences of imprisonment of a year or less...." Youth Rehabilitation Act of 1985 Temporary Amendment Act of 1986, D.C. Act 6–264, 34 D.C.Reg. 667 (1987). Section 2 of this temporary act, which became effective as D.C.Law 6–219 on April 11, 1987, 34 D.C.Reg. 2633 (1987), amended D.C.Code § 24–806 by adding the following new subsection:

> If the maximum sentence of a committed youth offender expires before unconditional discharge, the District of Columbia Board of Parole may, in its discretion, set aside the conviction.

34 D.C.Reg. at 667–668. The temporary act expired, however, in October 1987, *see id.* at 669, and was not replaced by permanent legislation.[6] We do not know why the Council chose not to make the amendment permanent, but we note that this amendment, or something like it, would have forestalled the problem encountered here if it had been kept in the statute.

There is a manifest irony in this case. Latimore will have an opportunity to seek expungement of his conviction for distribution of PCP, for which he received a ten-year sentence, but he will not be able to seek expungement of his convictions for arguably less serious crimes, for which he received one-year sentences. And Latimore is not alone. Because of the interaction of section 24–804(b) and section 24–806(a), only youthful offenders who receive sentences in excess of one year will ever have an opportunity to obtain expungement of their records under the YRA; those receiving sentences of one year or less cannot obtain that benefit. This is an absurd result, which the Council surely cannot have intended, for it gives greater benefits to those who commit more serious crimes. Unfortunately, we see no way to construe the statute to effect the Council's intent without twisting the statutory language beyond any acceptable meaning. We can only conclude that the Council itself made it impossible to achieve one of its own legislative goals—to provide an "opportunity for a deserving youth offender to start anew through expungement of his criminal record," REPORT, *supra* at 2—when it made the automatic set-aside of section 24–806(a) unavailable, by operation of section 24–804(b), to a youth offender who has received a YRA sentence of a year or less.

█ The trial court in this case, noting that "[t]he question for the Court is whether or not [Latimore] should receive an adult sentence," chose to sentence Latimore under the YRA rather than as an adult. The court no doubt intended that he receive the benefits of sentencing under the YRA, but

---

**5.** The FYCA, on the other hand, provided that youth offenders *"shall* be discharged unconditionally on or before the expiration of the maximum sentence imposed...." 18 U.S.C. § 5017(c) (emphasis added). It also contained a provision providing for the automatic set-aside of a conviction upon the unconditional discharge of the youth offender before the expiration of the maximum sentence imposed. 18

U.S.C. § 5021(a). Thus the FYCA differed from the current YRA in a very important respect: it provided an opportunity for automatic expungement to all persons sentenced under the act, not just those receiving sentences in excess of one year.

**6.** But see note 9, infra.

we cannot tell which of those benefits was uppermost in the court's mind. If the court's primary concern was to enable Latimore to have his conviction set aside, that goal was regrettably unattainable, as we have held here.[7] On the other hand, if the court merely sought "flexibility in sentencing [Latimore] according to his individual needs," or if the court's intention was to "separat[e]" Latimore "from more mature, experienced offenders," which are the other stated purposes of the YRA, see REPORT, supra at 2, then the availability of an automatic set-aside may not have been so important.[8] Since we do not know what the court had in mind in crafting this particular sentencing scheme, we vacate all the sentences imposed and remand this case for resentencing de novo, in light of what we have held in this opinion. See Thorne v. United States, 471 A.2d 247, 249 (D.C.1983); United States v. Knight, 166 U.S.App.D.C. 21, 30, 509 F.2d 354, 363 (1974). We also express our earnest hope that the Council will act promptly to amend the YRA so as to correct the defect which prejudices this appellant and many others like him.[9]

In No. 88-1112 we affirm the judgment of conviction; see note 2, supra. In No. 88-1113 we vacate the sentences imposed and remand for resentencing.

*Affirmed in part, vacated and remanded in part.*

William A. GRANT, in re Estate of Kylisha and Charlie Halfacre, Jr., Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 88-752.

District of Columbia Court of Appeals.

Argued Jan. 28, 1991.

Decided Sept. 20, 1991.

---

7. We surely do not criticize either the trial court or Latimore's trial counsel for failing to recognize that a YRA sentence of one year or less would frustrate one of the purposes of the YRA. We have made that discovery only after careful study and reflection, with the aid of briefs and well-presented oral argument by appellate counsel for both Latimore and the government. See In re A.C., 573 A.2d 1235, 1237-1238 n. 2 (D.C.1990) (en banc).

8. We note that probation is also available under the YRA. See D.C.Code § 24-803(a). If a youth

offender is placed on probation, the court has the power to discharge him or her unconditionally from probation before the end of the probationary term. Such a discharge automatically sets aside the conviction. D.C.Code § 24-806(b).

9. After this opinion was issued, we were advised by appellant's counsel and others that the Council had recently enacted just such an amendment. D.C.Law 9-15, which took effect on August 17, 1991, contains language identical to that

 

Charles C. Parsons, Washington, D.C., for appellant.

Edward E. Schwab, Asst. Corp. Counsel, with whom Herbert O. Reid, Sr., Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before STEADMAN, FARRELL and WAGNER, Associate Judges.

which we have quoted from the temporary act that expired in 1987. The fact that such legislation was being considered by the Council was previously unknown to the court. The new legislation purports to be retroactive to September 30, 1987, and should therefore benefit this appellant.