**Morton SHAPIRO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 06 Civ. 6988(VM).**

United States District Court, S.D. New York.

Oct. 11, 2006.

### DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND

Petitioner Morton Shapiro ("Shapiro") filed the instant petition (the "Petition") in this action as a Petition For A Writ Pursuant To The All Writs Act, 28 U.S.C. § 1651. The Petition requests an order in the form of a writ of error coram nobis setting aside Shapiro's conviction and sentencing on two counts alleging perjury and conspiracy to commit mail fraud in connection with a securities transaction in which Shapiro was involved. At the time of his entry of a guilty plea and sentencing on these felony charges in June 1986 Shapiro was 25 years old. He was sentenced in March 1987 to serve two months in jail and pay a fine of $25,000.

At the time Shapiro committed the offense at issue, the Young Adult Offender statute was in effect. 18 U.S.C. § 4216 (repealed Nov. 10, 1986, *see* Pub.L. 99–646 § 3(1986)). However, Shapiro was not sentenced under its provisions, which authorized sentences of alternative rehabilitative punishment for adult offenders between the ages of 22 and 26 under certain circumstances, pursuant to the Federal Youth Corrections Act (the "FYCA"), 18 U.S.C. § 5005 (repealed Oct. 12, 1984, *see* Pub.L. 98–473, Title II, § 218(a)(8) (1984)). While the FYCA was no longer in effect at the time Shapiro committed his offense, the Young Adult Offenders statute's adoption of the FYCA had incorporated the relevant provisions of the FYCA bodily into it. *See Hassett v. Welch,* 303 U.S. 303, 314, 58 S.Ct. 559, 82 L.Ed. 858 (1938). Subsequent repeal of the incorporated statute (the FYCA) had no effect on the applicability of the incorporating statute (the Young Adult Offender statute) at the time of Shapiro's offense. *See Kessler v. Mercur Corp.,* 83 F.2d 178, 180 (2d Cir. 1936).

Section 5021 of the FYCA established a procedure authorizing the Court to set aside convictions of eligible defendants.

Shapiro asserts that at the time of his sentencing he was not informed of the existence or applicability of the Young Adult Offenders statute, and that the sentencing option that statute provided was never presented to the sentencing court, which therefore did not consider whether Shapiro could have benefited from the provisions of the statute. Shapiro further states that the existence of his conviction has continued to adversely affect him, his family life and the advancement of his career, and that the relief he seeks would permit his felony conviction to be expunged and enable him to answer "no" to questions asking whether he has been convicted of a crime. *See United States v. Hirsch,* 440 F.Supp. 977, 979 (E.D.N.Y. 1977); *United States v. Doe,* 935 F.Supp. 478, 481–82 (S.D.N.Y.1996) ("The 'clear purpose' for setting aside a youthful offender's conviction was 'to relieve him not only of the usual disabilities of a criminal conviction, but also to give him a second chance free of a record tainted by such a conviction.' ") (*quoting Mestre Morera v. United States Immig. & Nat. Serv.,* 462 F.2d 1030, 1032 (1st Cir.1972)).

In response to the Petition the Government has informed the Court by letter dated September 26, 2006, that it takes no position with regard to the relief sought herein.

The Court has considered the Petition and accompanying documents and the Government's response, as well as the Young Adult Offender statute and the relevant provisions of the FYCA. On the basis of this review, the Court has concluded that the relief sought in the Petition is warranted.

## II. *ORDER*

For the reasons stated above, it is hereby

**ORDERED**, that the request of petitioner Morton Shapiro ("Shapiro") herein for issuance of an order in the form of a writ of error coram nobis pursuant the All Writs Act, 28 U.S.C. § 1651, so as to re-enter under the Young Adult Offenders statute, 18 U.S.C. § 4216, Shapiro's sentence in connection with his conviction in 1986 on the charges described above, and to set aside the conviction pursuant to 18 U.S.C. § 4216, which incorporated by reference § 5021 of the FYCA, is GRANTED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**