KEITH, J.,
dissenting.
Based on the factual record, I can come to no other conclusion than the district court abused its discretion by failing to expunge Dr. Saxena’s name from the record. The majority opinion now affirms this glaring error and undeniable injustice.
The facts at issue in this case are not in dispute. As the majority opinion outlines, Dr. Saxena only saw Thompson one time for a consultation that had nothing to do with Thompson’s later failure to receive his medication. Thompson subsequently voluntarily removed Dr. Saxena from the lawsuit and Thompson’s counsel later agreed to a proposed order that would remove Dr. Saxena’s name from the court’s record. Despite Dr. Saxena’s clear lack of involvement in the matter at issue in Thompson’s malpractice lawsuit, Saxena now faces the following potential damages: (1) an increase in malpractice insurance; (2) a loss of hospital privileges; and (3) a loss of HMO contracts.
While there are no federal or state civil rights cases directly on-point that permit or prohibit records from being expunged, it is clear that federal courts have the inherent authority to expunge records in appropriate circumstances. “It is within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case.” United States v. Doe, 556 F.2d 391, 393 (6th Cir. 1977). Federal courts have often exercised this discretion in the criminal context. See United States v. Flowers, 389 F.3d 737, 739 (7th Cir.2004) (stating that “district courts do have jurisdiction to expunge records maintained by the judicial branch”). It is true, as cited in the majority opinion, that following the Supreme Court’s decision in Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), several circuits, namely the First, Third, Eighth and Ninth, have found that district courts do not have ancillary jurisdiction to expunge records of criminal convictions based solely upon equitable grounds. See United States v. Coloian, 480 F.3d 47, 52 *390 (1st Cir.2007); United States v. Dunegan, 251 F.3d 477, 478 (3d Cir.2001); United States v. Meyer, 439 F.3d 855, 859-60 (8th Cir.2006); United States v. Sumner, 226 F.3d 1005, 1014-15 (9th Cir.2000). Nevertheless, the Second, Seventh, Tenth and D.C. Circuits have “concluded that district courts do have ancillary jurisdiction to expunge records based on equitable considerations.” United States v. Coloian, 480 F.3d at 51-52 (footnote omitted) (citing, but attempting to distinguish, United States v. Flowers, 389 F.3d 737, 739 (7th Cir.2004); United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir.1977); Livingston v. United States Dep’t of Justice, 759 F.2d 74, 78 (D.C.Cir.1985); United States v. Linn, 513 F.2d 925, 927 (10th Cir.1975)). With a circuit split and silence on this issue in our Court, the case at bar presents an extraordinary circumstance, compelling us to address this jurisdictional issue and to find that we have ancillary jurisdiction to expunge a record in an appropriate case.
In contrast, the majority opinion holds that this situation does not constitute an exceptional circumstance warranting ex-pungement, and states that “[ejven those courts that have recognized an equitable power to expunge have concluded that the power is one of exceedingly narrow scope, and ‘the balance very rarely tips in favor of expungement.’ ” Op. at 389. It is hard to imagine a situation, outside of one in which a defendant was named purely by accident, that would more fittingly fall within this narrow exception. If this exception is to have any meaning at all, it must be applied here. Both parties concede that Dr. Saxena was named by accident, and that he had no part whatsoever in the circumstances at issue in the malpractice lawsuit. Therefore, to subject him to severe potential losses—even if only potential—and to willingly choose to fore-go the equitable power we have to correct this injustice, violates the very integrity of the judicial system, and renders any “equitable power” we have farcical.
Applying a balancing test to the facts of the instant case, a method borrowed from the Seventh Circuit, demonstrates that expunging the record is appropriate here. In Flowers, the Seventh Circuit held in determining whether an individual’s name should be expunged from the record, that the court is to review whether, “the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records,” and if so, “then expunetion is appropriate.” Flowers, 389 F.3d at 739 (citations and quotation marks omitted); see also In re Twobears, 2007 WL 1232043, at *3, 2007 U.S. Dist. LEXIS 31005, at *8 (W.D. Tenn. April 26, 2007) (stating expunetion is typically only an appropriate remedy “when a defendant is factually innocent and can demonstrate that the continued public availability of the record will cause great harm that outweighs the public and governmental interest in maintaining the record.”) (emphasis in original). In this case, Dr. Saxena faces serious consequences to his professional well-being as a result of the district court’s and our Court’s refusal to expunge his name from the record. In contrast, there is no harm to the plaintiff, who agrees that Dr. Saxena’s name should be expunged. Additionally, the government has not cited any legitimate reason why it needs to maintain information about Dr. Saxena, a mistakenly named individual, in this lawsuit. This is a much easier case than many presented in the criminal context where expungement has been allowed. The hard cases are those in which the defendant seeks expungement because he or she has been rehabilitated and wants a fresh start. See Flowers, 389 F.3d at 738. Here, we have an individual wholly and unequivocally without fault.
*391 Additionally, even if we were to concede that the majority’s fear about judicial editing was legitimate, any such negative consequences could be easily mitigated. By merely omitting Dr. Saxena’s name but retaining the essential facts of the case on the record, we can prevent a mistakenly named party from suffering potentially debilitating consequences to his professional well-being, while allowing the judicial branch to maintain what may be considered critical information. Doe, 556 F.2d at 393.
Why should this man be penalized for a mistake made by others? Accordingly, because this an extraordinary case where both parties concede that Dr. Saxena was named by accident, I would reverse the district court’s decision and grant Dr. Sax-ena’s motion to have his name expunged from the record.