Robert L. **HENDERSON**

v.

Walter T. **GOEKE**
and
Joseph P. **Beesy.**

Civ. A. No. 68–1640.

United States District Court,
E. D. Pennsylvania.

Aug. 9, 1971.

Robert L. Henderson, pro se.

Robert St. Leger Goggin, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

MASTERSON, District Judge.

This is a civil rights case in which the plaintiff asserts that the defendants, both of whom are members of the Lancaster City Police Department, directed and/or conducted an unlawful search of his premises and unlawfully seized $329.-00 belonging to him.

Plaintiff premises jurisdiction upon 28 U.S.C. §§ 1331[1] and 1343(3),[2] and his cause of action essentially upon 42 U.S.C. § 1983.[3] He requests injunctive relief and damages in excess of $15,000.

█ Defendants move to dismiss because (1) this court lacks jurisdiction and (2) plaintiff has failed to state a claim upon which relief can be granted. Alternatively, defendants ask for summary judgment. For the reasons stated below, both of defendants' motions must be denied except that plaintiff's request for injunctive relief will be dismissed as moot. Since he now resides in Atlanta, Georgia,[4] the possibility of further searches of plaintiff's premises by these defendants seems extremely unlikely. Nevertheless, potential liability for an unlawful search and any subsequent incarceration proximately caused by this alleged violation remains.

---

1. § 1331. Federal Question; Amount in controversy; costs.

(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

2. § 1343. Civil rights and elective franchise.

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

3. § 1983. Civil action for deprivation of rights.

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

The plaintiff also asserts causes of action under 42 U.S.C. §§ 1981, 1982 and 1985(2) and (3). Since he has a viable claim under 42 U.S.C. § 1983, we find it unnecessary to decide whether these other sections also apply.

4. Plaintiff is incarcerated in the United States Penitentiary at Atlanta.

■ The assertions in plaintiff's Complaint and Amended Complaint were taken almost *verbatim* from United States ex rel. Henderson v. Brierley, 300 F.Supp. 638 (E.D.Pa.1969), an opinion in which Judge Joseph S. Lord, III granted plaintiff's petition for a writ of habeas corpus. In that case Judge Lord concluded that the search of petitioner's premises "obviously" was conducted without probable cause in violation of the Fourth Amendment [5] and that counsel rendered ineffective assistance in failing to raise this issue before the trial court.[6] To simplify matters, we will set forth as plaintiff's version, the events as found by Judge Lord.

"[In] the course of a police investigation of a series of burglaries of several supermarkets and a gas station (all with similar methods of operation), an informant told detectives that Charles and Robert Milburn were overheard discussing these crimes. The two brothers were brought in for questioning. Subsequently, at about 9 p. m. on January 16, 1967, the police obtained two search warrants, one for the Milburns' residence, and another for the residence of one Lester Winger. Both searches proved fruitless. At about 11:15 p. m. on the same night, police obtained a search warrant for relator's [plaintiff Henderson's] apartment at 538 South Line Street, Lancaster, Pennsylvania, for both the first floor which he rented and the basement, which he did not. The search warrant was issued on the basis of the following affidavit:

'Robert Milburn, under arrest for suspicion of recent burglaries, to wit: above mentioned burglaries, is known to frequent the apt. of HENDERSON. Robert Milburn's brother Charles Milburn says that he sus-

---

5. Since the defendants have requested summary judgment, we can consider summary judgment for the non-moving party as well. See American Auto Ins. Co. v. Indemnity Ins. Co. of North America, 108 F.Supp. 221 (E.D.Pa.1952). See generally, 6 Moore's Federal Practice ¶ 56.12 (1967). Consequently, we can consider the effect of Judge Lord's prior decision upon the issues in the instant case.

   Although Judge Lord found that the search violated plaintiff's Fourth Amendment rights, we do not believe that the defendants are collaterally estopped from raising the issue anew. Cf. Klor v. Hannon, 278 F.Supp. 359 (C.D.Cal. 1967). Most cases involving collateral estoppel arise in a different posture. Usually the plaintiff attempts to bring a civil rights action despite the fact that the trial court found him guilty. The defendant police officer then asserts collateral estoppel. See, e. g., Kauffman v. Moss, 420 F.2d 1270 (3rd Cir. 1970). In this case, however, a Constitutional deprivation has been found. Nevertheless, this court is not bound by such a determination for several reasons.

   First, these defendants did not have a full and fair opportunity to litigate the issue in either state or federal court. Probable cause to search was not even contested in the state court system, and an examination of the transcript of the federal habeas corpus hearing reveals that neither defendant testified as to that issue. To be fair, defendants Goeke and Bessy must have an opportunity to be heard. See Provident Tradesmens Bank and Trust Company v. Lumbermens Mutual Casualty Company, 411 F.2d 88 (3rd Cir. 1969). See generally, Semmel, Collateral Estoppel, Mutuality and Joinder of Parties, 68 Colum.L.Rev. 1457 (1968).

   Secondly, at the habeas corpus hearing the State conceded that the search was conducted without probable cause, while the defendants here vigorously deny that conclusion. The possibility that this concession aided Judge Lord in his ultimate conclusion militates against imposing his decision upon the defendants.

   Finally, the defendants are entitled to a jury trial on some of the issues raised by plaintiff's complaint. See Turner v. Fouche, 290 F.Supp. 648 (S.D.Ga.1968), vacated on other grounds, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970). Cf. Basista v. Weir, 340 F.2d 74 (3rd Cir. 1965) (Biggs, C. J.). Hence a result different from Judge Lord's is entirely possible. For these reasons, plaintiff is not entitled to summary judgment on the basis of collateral estoppel.

6. Judge Lord stayed the writ for 60 days to allow an appeal or re-trial. The record does not show the final disposition.

pects Robert Milburn & Henderson committed these burglaries and suspects that they have the proceeds of these burglaries hidden in Hen-.derson's apt. Officer believes this information to be true and correct.' "

Although the nature of any contraband found in the petitioner's apartment is not revealed in the opinion, the fruits of that search apparently played a role in plaintiff's subsequent conviction, otherwise counsel's failure to raise the probable cause issue would have been harmless error.

■■ In order to establish a cause of action under 42 U.S.C. § 1983, it must be shown that the defendants acted "under color of state law" and that they deprived the plaintiff of "any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Unquestionably, it is alleged that the officers acted in their official capacity in conducting the search, and unquestionably the plaintiff has a Fourth Amendment right to be free from unreasonable searches and seizures. In enacting § 1983, Congress intended to provide a remedy, including the recovery of damages, for such unlawful actions.[7] Moreover, plaintiff's allegation of a Fourth Amendment deprivation under color of state law suffices to give this court jurisdiction under § 1343(3).[8] Consequently, the action for damages cannot be dismissed on either theory raised by the defendants.

■ Finally, defendants' motion for summary judgment must be denied be-

cause in our opinion the Complaints and Answer raise genuine issues as to material facts concerning the issue of probable cause.[9]

---

7. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

8. Every Constitutional invasion does not trigger § 1343 jurisdiction. Rather the infringement must concern "personal liberty" rather than "property rights." Hague v. C.I.O., 307 U.S. 496, 531, 59 S.Ct. 954, 83 L.Ed. 1423 (1939) (Justice Stone, concurring). Although some violations are difficult to categorize, an unlawful search and seizure (and subsequent

incarceration) clearly falls within the confines of liberty. See Monroe v. Pape, supra note 7. For a recent discussion of this problem see Eisen v. Eastman, 421 F.2d 560 (2nd Cir. 1969) (Friendly, J.).

Since this court finds jurisdiction under § 1343(3), we need not decide whether plaintiff has satisfied the requirement of $10,000 in damages for federal question jurisdiction under § 1331.

