Harold George **SHADD**, pro se,
Petitioner,

v.

**UNITED STATES** of America and Federal Bureau of Investigation,
Respondents.

Civ. A. Nos. 74–943, 74–976.

United States District Court,
W. D. Pennsylvania.

Feb. 20, 1975.

Harold George Shadd, pro se.

Henry G. Barr, Asst. U. S. Atty., Pittsburgh, Pa. for respondents.

## OPINION AND ORDER

MARSH, Chief Judge.

The petitioner has filed two civil actions seeking to amend and correct the FBI files which list the petitioner's criminal record. Since both actions request substantially the same relief, they have been consolidated. The government replied to the petition to amend and correct by filing a motion to dismiss or, in the alternative, for summary judgment. It is that motion which is now before the court.

Petitioner has requested this court to issue an order upon the Federal Bureau of Investigation, the Pennsylvania State Police, and the Federal Penitentiary in Lewisburg, Pennsylvania, to correct inaccuracies in the records relating to the petitioner. Additionally, petitioner has requested this court to order the parties to expunge from the records some matters which the petitioner asserts should

not be listed at all. Petitioner claims that these alleged inaccuracies and improper entries have affected his standing with the parole board. The government argues that the petitioner has failed to state a claim upon which relief can be granted and submits as Exhibit #1 a true and certified copy of the FBI Identification Division record of Harold George Shadd (FBI number 5 115 009). Petitioner does not challenge the genuineness of the exhibit.

*Civil Action No. 74–976*

Petitioner claims, in Civil Action No. 74–976, that the FBI records improperly contain an entry relating to a criminal complaint (No. 72–185) brought in this federal court. The FBI entry with regard to this matter correctly reflects dismissal of the case,[1] but petitioner argues that the entry must, as a matter of law, be expunged.

██ It is well established that a court may order the expungement of arrest records and that such an order is an appropriate remedy when the police action and arrest violated certain basic constitutional rights. Two decisions which are typical of the instances where courts have ordered expungement of arrest records are Hughes v. Rizzo, 282 F. Supp. 881, 885 (E.D.Pa.1968), where mass arrests were made for the sole purpose of harassing "hippies," and Sullivan v. Murphy, 156 U.S.App.D.C. 28, 478 F.2d 938, 968 (1973), where the lack of usual arrest procedures in the mass arrests made during May Day demonstrations rendered any judicial determination of probable cause impossible.

██ The present case does not involve such a situation. Petitioner does not contend that his arrest on the firearms charge (No. 72–185) was without probable cause or that it was solely for harassment purposes, and there is no reason to believe such a contention could

---

1. The FBI sheet reads: "Case thrown out by Magistrate." The complaint, No. 72–185, charged petitioner with wilfully and knowingly possessing a firearm after being con-victed of a felony in violation of 18 U.S.C. App. § 1202(a)(1), and was dismissed by United States Magistrate Robert Mitchell of this court on July 27, 1972.

be justified. Petitioner's reliance on Menard v. Saxbe, 162 U.S.App.D.C. 284, 498 F.2d 1017 (D.C.Cir. 1974) is misplaced since that case dealt with a situation where there was an absence of probable cause for the arrest and where no criminal complaint had ever been filed. See 498 F.2d at 1019.

The FBI record properly reflects the magistrate's dismissal and an order for expungement would be inappropriate. See United States v. Dooley, 364 F.Supp. 75, 78 (E.D.Pa.1973); United States v. Rosen, 343 F.Supp. 804, 806 (S.D.N.Y. 1972). For these reasons, the government's motion to dismiss will be granted as to this matter and an order will be entered dismissing the petition at Civil Action No. 74–976 as without merit.

### *Civil Action No. 74–943*

In this action, petitioner has specified five matters which he alleges are incorrectly entered on the FBI record.

He lists these matters as follows (See amended complaint, pp. 2 and 3):

"C–1 No. 5 August Sessions, 1952, Court of Common Pleas, Mifflin County, Pennsylvania. *Set-aside and vacated* August 16th, 1974.

C–2 No. 100, May Sessions, 1952, Court of Common Pleas, Mifflin County, Pennsylvania. *Set-aside and vacated*, August 16th, 1974.

C–3 No. 253, October Term, 1972, Westmorland (sic) County, Pennsylvania. *Set-aside, vacated and dismissed*, April 4th, 1973.

C–4 No. 72–185, (Federal) W. D. of Penna. R. M. *Dismissed* July 27th, 1972.

C–5 No. 72–108, (Federal) W. D. of Pa. *Verdict of acquittal*, November, 1972."

---

For purposes of discussion, we will deal with these matters in reverse order.

C–5 relates to a judgment of acquittal entered by this court in Criminal No. 74–108 which charged the petitioner in two counts with impeding the administration of justice in that he promised sums of money to two material witnesses in order that they alter their testimony and that he threatened the lives of these witnesses should they testify against him. The FBI sheet (Exhibit # 1) ambiguously records this matter with two separate entries:

"USM          Harold George Shadd    4–5–72    Impede the
Pgh., Pa.                                      administration    Acquittal
                                               of justice        11–14–72

Allegheny Co.    Harold G. Shadd      4–5–72    witness
Det. Bur.        #122746                        tampering    ------------"
Pgh., Pa.

---

This court's order entering judgment of acquittal for the defendant Shadd in Criminal No. 72–108 was filed on November 15, 1972. Although the error in the date of acquittal recorded on the FBI sheet is insignificant, there is merit in the petitioner's claim that the sheet is inaccurate since there still has not been a disposition entered for the second listing ("witness tampering").

█ In this opinion, we do not presume to address the issue of precisely what duty the FBI has with regard to the accuracy of the records it receives, maintains and disseminates. We do conclude, however, that the FBI cannot avoid all responsibility for the accuracy of the information in its criminal files. Tarlton v. Saxbe, 507 F.2d 1116 (D.C. Cir. 1974). The duplicitous listing of the charge in Criminal No. 72–108 and the lack of a disposition entry for a charge which was disposed of 27 months ago violates even a minimal definition of FBI responsibility and leaves before this court no material issue of fact as to the inaccuracy of this entry. Accordingly, summary judgment will be granted for the petitioner as to Part C–5,[2] and an appropriate order will be entered directing the FBI to correct its records with regard to Criminal No. 72–108.[3]

Petitioner's claim in C–4 is simply a reiteration of his claim and argument in Civil Action No. 74–976. As was explained above, the FBI record properly reflects the magistrate's dismissal of the firearms charge in criminal complaint 72–185 and an order for expungement would be inappropriate. As to C–4, the government's motion to dismiss will be granted.

█ The matters referred to in C–1, C–2, and C–3 relate to criminal proceedings in the Pennsylvania state courts and petitioner has submitted with his traverse several exhibits to support his claims that certain charges or judgments have been set aside. As to C–1, petitioner has submitted an uncertified copy of a court order from the Court of Common Pleas of Mifflin County dated August 16, 1974 (Exhibit # B). The order states that since the record is devoid of any indication that defendant Shadd was represented by counsel or that he waived counsel when he was before that court on the charge of forgery, the defendant is awarded a new trial. Petitioner also submitted a copy (Exhibit # C) of a similar order awarding him a new trial on a burglary charge (C–2). As to C–3, petitioner submitted a copy of an order from the Court of Common Pleas of Westmoreland County dated April 4, 1973 (Exhibit # D). The order states that the sentence imposed on the defendant Shadd on December 7, 1972 is vacated and the charges are dismissed. The order does not list the charges specifically, but does say that the "weapons shall be returned to JoAnn Shadd, wife of defendant . . . ."

In dealing with these matters, some difficulty arises in correlating the petitioner's claims to the specific entries on the FBI sheet. The petitioner and his exhibits refer to each of the matters according to the docket number in the court of record. The FBI entries, however, are listed according to the law enforcement agency which contributed fingerprint records to the FBI.

To make a correlation between the state court criminal matters and the FBI entries would require unreasonable guesswork on the part of this court. For example, in reviewing the FBI sheet in an effort to find the matter referred to in C–1, we find absolutely no entry listing a charge of forgery. As to C–2, we find no entries listed for Mifflin County as such, although it is possible that the C–2 burglary charge is the bur-

---

2. Although the petitioner, who is proceeding *pro se*, did not file a cross-motion for summary judgment, it is not necessary for this court to require such a filing simply as a formality where it otherwise appears that there exists no genuine issue of material fact. 6 Moore's Federal Practice ¶ 56.12. See Henderson v. Goeke, 329 F.Supp. 1160, 1162 fn. 5 (E.D.Pa.1971), aff'd 491 F.2d 749 (3rd Cir. 1973).

3. In both of the civil actions presently before us, petitioner has requested this court to issue an order upon the Pennsylvania State Police directing them to correct and amend their files concerning these matters. However, in this case, the court cannot order expungement of information from the files of local law enforcement agencies since they were neither named nor served as parties to this action, and in any event, this court has no jurisdiction over those records. See Tarlton v. Saxbe, supra.

glary listed on the first page of Exhibit # 1 as "SPol Harrisburg. . . SPol Lewistown Pa 4–9–52 . . ."

In reply to the government's motion to dismiss, petitioner submitted a traverse which included a copy (Exhibit # A) of his FBI record similar to Government Exhibit # 1. But this was of little use to the court in correlating petitioner's claims with specific entries on the record since petitioner has marked as "false" each and every entry on the three page document, with the single exception of certain traffic offenses in California in 1966.

Accordingly, this court will reserve decision on the government's motion to dismiss as to C–1, C–2, and C–3 for a limited period of time during which time petitioner should submit to this court and to the government specific information as to which entries he alleges to be wrong. Where appropriate, these allegations are to be supported by certified copies of applicable court orders and affidavits correlating the court orders to a specific entry or entries on the FBI record. Upon receipt of these allegations and supporting documentation, the government shall have a reasonable period of time to file a response.

An appropriate order will be entered.