**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**FRANKIE SMITH, Defendant**

Criminal No. 77-82

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 8, 1977

JULIO A. BRADY, ESQ., United States Attorney, St. Thomas, V.I., *for plaintiff*

GEORGE M. ALEXIS, ESQ., Federal Public Defender, St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

MEMORANDUM AND ORDER

This case returns to the attention of the Court on the motion of defendant, Frankie Smith, for an order expunging his arrest record, fingerprints and photographs from the files of the Department of Public Safety and the Federal Bureau of Investigation. For the reasons stated below, the motion will be denied.

The pertinent facts are as follows. Defendant was arrested and tried on a charge of third degree burglary. The trial resulted in a hung jury and upon the motion of the United States Attorney, the case was dismissed without prejudice. Defendant now moves the Court for an order of

expungement of his arrest and other identifying records, giving as the sole basis therefor, the fact that the charge against him has been dismissed.

■ The Court must first determine whether it has jurisdiction to entertain the motion. In its response, the Government has indicated that defendant's efforts to expunge his arrest record should be directed towards the Commissioner of Public Safety, or the Attorney General. This would require that defendant proceed against Public Safety by an independent civil suit. The need for a separate civil suit seeking expungement of arrest records in cases such as this, however, creates an unnecessary waste of time and expense for both the defendant and the Government. Certainly it is not in the interest of judicial economy. United States v. Dooley, 364 F.Supp. 75, 76 n. 1 (E.D. Pa. 1973). Numerous courts have therefore, adjudicated requests to expunge arrest records in the same criminal proceeding in which the arrestee was acquitted or the charges dismissed. See United States v. Linn, 513 F.2d 925 (10th Cir. 1975), cert. denied, 423 U.S. 836 (1976); Morrow v. District of Columbia, 417 F.2d 728 (D.C. Cir. 1969); United States v. Seasholtz, 376 F.Supp. 1288 (N.D. Okla. 1974); United States v. Dooley, 364 F.Supp. 75 (E.D. Pa. 1973); United States v. Kalish, 271 F.Supp. 968 (D. P.R. 1967). Since defendant's motion is ancillary and directly connected to the criminal information previously before the Court, and no good purpose would be served by requiring him to institute a new civil suit, the Court will entertain and adjudicate the motion. See United States v. Dooley, supra, at 77 n. 1.

■ In proceeding to decide the merits of the motion, it is important to note that no statute presently provides for the relief sought by defendant.[1] It is well established

---

[1] The expunction relief offered by 5 V.I.C. § 3711(c)(1) is not applicable to this case.

however, that the plenary power of District Courts includes the authority to order expunction of criminal records. Paton v. La Prade, 524 F.2d 862, 868 (3d Cir. 1975); United States v. Linn, 513 F.2d 925, 927 (10th Cir. 1975), cert. denied, 423 U.S. 836 (1976); Tarlton v. Saxbe, 507 F.2d 1116 (D.C. Cir. 1974), Shadd v. United States, 389 F.Supp. 721 (W.D. Pa. 1975), aff'd, 535 F.2d 1247 (3d Cir. 1976). However, the above cases indicate that the power to expunge an arrest record is a narrow one and should not be routinely used whenever a criminal prosecution ends in an acquittal or dismissal, but should be reserved for the unusual or extraordinary case involving constitutional violations.[2] United States v. Linn, supra, at 927; Tarlton v. Saxbe, supra, at 1125; Shadd v. United States, supra, at 722.

The instant case presents no extraordinary circumstances warranting expunction of defendant's arrest records. Defendant does not contend that his arrest was without probable cause or that it was solely for purposes of harassment. Washington Mobilization Committee v. Cullinane, 400 F.Supp. 186 (D. D.C. 1975); Shadd v. United States, 389 F.Supp. 721 (W.D. Pa. 1975), aff'd, 535 F.2d 1247 (3d Cir. 1976). Rather, the record reveals that defendant was properly arrested and tried, and believed to be guilty by some of the jury. Under these circumstances, the arrest, fingerprinting and photographing were perfectly proper. These records may therefore be retained for

---

[2] The expunction remedy has been further limited by the recent Supreme Court's holding in Paul v. Davis, 424 U.S. 963 (1976), that police circulation to shopowners "mug shot" flyers of persons labeled "active shoplifters", including persons arrested but never convicted of shoplifting, was not a violation of any "liberty" or "property" guaranteed against state deprivation without due process of law, nor was it a violation of any constitutional right to privacy. See also Hammons v. Scott, 423 F.Supp. 618 and 625 (N.D. Cal. 1976).

general law enforcement purposes.[3] See United States v. McMains, 540 F.2d 387, 390 (8th Cir. 1976); Menard v. Saxby, 498 F.2d 1017 (D.C. Cir. 1971); United States v. Rosen, 343 F.Supp. 804 (S.D. N.Y. 1972). Accordingly, the motion to expunge will be denied.

### ORDER

The premises considered, and the Court being fully advised,

IT IS ORDERED that the motion of defendant, Frankie Smith, to expunge his arrest record be, and the same is hereby, DENIED.

---

[3] 28 U.S.C. § 534 requires the Attorney General (through the FBI) to acquire, collect, classify and preserve identification, criminal identification, crime and other records. Also, in the absence of a statute requiring expunction of arrest records, the records may be retained if there is no improper use or dissemination of the records. United States v. Rosen, 343 F.Supp. 804 (S.D. N.Y. 1972).