PAULETTE HODGE, Plaintiff

v.

HONORABLE JUAN LUIS, GOVERNOR OF THE VIRGIN ISLANDS, and OTIS FELIX, COMMISSIONER OF PUBLIC SAFETY, Defendants

Civil No. 792/1984

IN RE: THE ARREST OF ROBERT DiMARCO

Miscellaneous No. 598/1984

MARK MARTINEZ, Plaintiff

v.

COMMISSIONER OF PUBLIC SAFETY, and ATTORNEY GENERAL OF THE UNITED STATES VIRGIN ISLANDS, Defendants

Civil No. 578/1984

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

November 28, 1984

JOSEPH PONTEEN, ESQ., Territorial Public Defender, Christiansted, St. Croix, V.I., *for plaintiff Paulette Hodge*

OFFICE OF THE ATTORNEY GENERAL, Christiansted, St. Croix, V.I., *for defendants*

BERNARD C. PATTIE, ESQ. (PATTIE AND DALEY), Christiansted, St. Croix, V.I., *for petitioner Robert DiMarco*

JOHN F. JAMES, ESQ. (JAMES AND RESNICK), Christiansted, St. Croix, V.I., *for plaintiff Mark Martinez*

GEORGE W. CANNON, ESQ., Assistant Attorney General (Office of the Attorney General), Christiansted, St. Croix, V.I., *for defendants*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

These three (3) cases present this Court with the issue of whether an individual's police record should be expunged when the Government arrests but later declines to prosecute the individual. For the reasons set forth below, this Court finds expunction inappropriate in all three instances.

## FACTS

Plaintiff, Paulette Hodge, has been employed as a police officer by the Department of Public Safety for the past eleven (11) years. On April 18, 1984, she was arrested and charged with Possession and Cultivation of a Controlled Substance. Plaintiff was suspended pending an investigation of the matter but later was reinstated to her position. The Government subsequently declined to prosecute plaintiff.

Plaintiff now moves this Court for expunction of her police record on the grounds of irreparable injury and denial of due process and equal protection of the law. Specifically, she asserts that her current police record "will have a detrimental effect on plaintiff's present and future employment, and can also impede other ventures that she may undertake for the betterment of her life . . . . [T]he plaintiff has been hampered and shall be further hampered by the application of the procedure used by the Department of Public Safety." (Plaintiff's Complaint at ¶¶ 7, 8.) She also requests the issuance of a permanent injunction to restrain defendants from entering the arrest of April 18, 1984, as part of her record.

On March 7, 1984, this court issued an arrest warrant against plaintiff, Robert DiMarco, on the charge of Grand Larceny. The warrant was premised upon an affidavit by Attorney Robert D. Keeling, wherein he alleged that petitioner wrongfully possessed his hobie cat sailboat. Plaintiff was arrested on the same day. He claimed that he removed the boat at the direction of the Reef Condominium Board of Directors.[1] (Affidavit of Bernard C. Pattie, Esq. at p. 2, ¶ 7.) The government subsequently declined prosecution of the matter. Plaintiff now moves this Court for expungement of any records which reflect the arrest of March 7, 1984.

On December 28, 1983, plaintiff, Mark Martinez, was arrested and charged with Damage to Property, Resisting Arrest, Assault III and Possession of a Dangerous Weapon. Subsequent to his arrest, and upon being escorted to the police officer's vehicle, the officer's service revolver discharged and plaintiff was struck in the back by the bullet. The government declined prosecution of the matter. Plaintiff now moves this Court for expunction of all records which reflect the arrest of December 28, 1983.

---

[1] Mr. Keeling kept his boat on Reef Beach.

## DISCUSSION

 A court may order the expungement of records, including arrest records, when that remedy is necessary and appropriate in order to preserve basic legal rights. United States v. Henderson, 482 F.Supp. 234 (D.C.N.J. 1979). Most courts agree that the inherent power to expunge is a narrow one and should not be routinely used whenever a criminal prosecution ends in an acquittal or dismissal, but should be reserved for the unusual or extraordinary case involving constitutional violations. Government of the Virgin Islands v. Smith, 14 V.I. 462, 464 (1977); Shadd v. United States, 389 F.Supp. 721, 722 (W.D. Pa. 1975), aff'd, 535 F.2d 1247 (3d Cir.), cert. denied, 429 U.S. 887, 97 S.Ct. 241, 50 L.Ed.2d 169 (1976); United States v. Linn, 513 F.2d 925, 927 (10th Cir.), cert. denied, 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975). Determination of the propriety of an order directing expungement involves a balancing of the interests; the harm caused to the individual by the existence of any records must be weighed against the utility to the Government of their maintenance.[2] Paton v. LaPrade, 524 F.2d 862, 868 (3d Cir. 1975). Factors to be weighed in balancing are the accuracy and adverse nature of the information, the availability and scope of dissemination of the records, the legality of the methods by which the information was compiled, the existence of statutes authorizing the compilation and maintenance, and prohibiting the destruction of the records, and the value of the records to the Government. Id. at 869.

In the case at bar, plaintiffs do not assert that their arrests lacked probable cause or resulted from police harassment. Sullivan v. Murphy, 478 F.2d 938, 968–69 (D.C. Cir.), cert. denied, 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973); Hughes v. Rizzo, 282 F.Supp. 881 (E.D. Pa. 1968). Rather, Hodge states that, "the basis for the arrest was due to an error on behalf of the arresting officer and the Department of Public Safety." (Plaintiff's Complaint at ¶ 6.) DiMarco's attorney claims, "[i]t is my opinion that, based on these facts, the Government would not be able to make out a charge of larceny in any degree against Mr. DiMarco." (Affidavit of Bernard C. Pattie, Esq., at p. 2, ¶ 8.) However, counsel's bare assertion will not relegate petitioner's arrest to a level of having lacked probable cause in the first instance when this Court issued the warrant.

---

[2] The Government entered into a stipulation with plaintiff Hodge for a consent decree and judgment granting expunction. No opposition was filed by the Government with regard to the Martinez and DiMarco Motions.

Finally, Martinez asserts that he "was wrongfully arrested and shot through the back by an auxiliary police officer . . . ." (Plaintiff's Memorandum of Law at p. 1.)

Yet each record is devoid of any evidence to support plaintiffs' contentions.[3] Nor is there any evidence that the information contained in the police record is inaccurate or that it was compiled in an illegal manner.[4]

This Court recognizes that

> [I]nformation denominated in a record of arrest if it becomes known may subject the individual to serious difficulties. Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial [footnote omitted]. Economic losses themselves may be both direct and serious. Opportunities for schooling, employment, or professional licenses may be restricted or non-existent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration of the charges involved [footnote omitted]. An arrest record may be used by the police in determining whether subsequently to arrest the individual concerned [footnote omitted] or whether to exercise their discretion to bring formal charges against an individual already arrested [footnote omitted] . . . Adverse action taken against an individual because of his arrest record is premised upon certain assumptions regarding the meaning of an arrest [footnote omitted]. Insofar as these assumptions differ from reality, the adverse actions will have an erroneous basis [footnote omitted].

United States v. Dooley, 364 F.Supp. 75, 77–8 (D.C. Pa. 1973), citing, Kowall v. United States, 53 F.R.D. 211, 214 (W.D. Mi. 1971.)

■ On the other hand, the Court acknowledges that there are legitimate law enforcement needs in maintaining unresolved arrest records. They may provide legitimate leads and questionable background information and may properly assist in resolving criminal actions. Dooley, supra, at 78. But charges which the government fails or refuses to press or which it withdraws are entitled to no

---

[3] While it is acknowledged that plaintiff, Martinez, was shot, the Court notes that the shooting occurred *after* plaintiff's arrest. Hence, the incident, standing alone, does not eliminate the existence of probable cause in the first instance.

[4] The Department of Public Safety is required to administer a police system providing police service for the protection of persons and property within the jurisdiction of the Virgin Islands. 3 V.I.C. § 257(a)(3). Undoubtedly, inherent in this responsibility is the maintenance of proper police records.

greater legitimacy. They lose any tendency to show probable cause and should not be boot-strapped into any unearned and undeserved significance. Id.

Thus, while these cases present no unusual or extraordinary circumstances involving constitutional violations which would warrant expunction, some form of equitable relief is available to plaintiffs. As indicated above, they are likely to suffer irreparable harm and substantial prejudice as a result of their records. On the contrary, under the facts of each case, the government would suffer no prejudice if the Court were to restrict its use of any of the records.[5]

■ Accordingly, while this Court must deny each plaintiff's motion for expunction, it will, in an exercise of its inherent equitable power, issue a permanent injunction restraining the Department of Public Safety, its agents, servants, employees and all other persons acting in concert with defendants from disseminating, disclosing or using any information regarding plaintiff's arrest for any purpose other than law enforcement investigations.