**CHRISTOPHER CONSTABLE, Plaintiff**

v.

**JUAN LUIS, Governor of the Virgin Islands and OTIS FELIX,
Commissioner of Public Safety, Defendants**

Civil No. 849/1984

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

January 8, 1985

JOSEPH PONTEEN, ESQ., Public Defender, Christiansted, St. Croix, V.I., *for plaintiff*

SHARON MCGAHEE, ESQ., Assistant Attorney General, Christiansted, St. Croix, V.I., *for defendants*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

The issue before this Court is whether a police record should be expunged when an individual is arrested but the charge is dismissed as a result of his completion of the pretrial intervention program. For the reasons set forth below, this Court finds expunction inappropriate in this instance.

## FACTS

On March 19, 1981, petitioner, Christopher Constable, was arrested and charged with Burglary III and Petit Larceny. Petitioner was prosecuted on the Burglary III charge. On April 2, 1981, petitioner was placed in the Pre-trial Intervention Program and completed the same on February 5, 1982. On February 9, 1982, a court order was entered dismissing the charge of Burglary III. Petitioner has since applied to the Job Corps Program wherein he was required to and did produce a copy of his police record. The record reflects the arrest of March 19, 1981, and the dismissal of February 9, 1982.

Petitioner now moves this Court for expunction of the arrest of March 19, 1981 from his record. Further, he requests the issuance of a preliminary injunction to restrain defendants from entering the arrest of March 19, 1981, on his police record.

## DISCUSSION

 A court may order the expungement of records, including arrest records, when that remedy is necessary and appropriate in order to preserve basic legal rights. United States v. Henderson, 482 F. Supp. 234 (D.C.N.J. 1979). Most courts agree that the inherent power to expunge is a narrow one and should not be routinely used whenever a criminal prosecution ends in an acquittal or dismissal, but should be reserved for the unusual or extraordinary case involving constitutional violations. Government of the Virgin Islands v. Smith, 14 V.I. 462, 464 (1977); Shadd v. United States, 389 F. Supp. 721, 722 (W.D.Pa. 1975), aff'd, 535 F.2d 1247 (3d Cir.), cert. denied, 429 U.S. 887, 97 S.Ct. 241, 50 L.Ed.2d 169 (1976); United States v. Linn, 513 F.2d 925, 927 (10th Cir.), cert. denied, 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975). Determination of the propriety of an order directing expungement involves a balancing of the interests; the harm caused to the individual by the existence of any records must be weighed against the utility to the Government of their maintenance.[1] Paton v. LaPrade, 524 F.2d 862, 868 (3d Cir. 1975). Factors to be weighed in balancing are the accuracy and adverse nature of the information, the availability and scope of dissemination of the records, the legality of the methods by which the information was compiled, the existence of statutes authorizing the compilation and maintenance, and prohibiting the destruction of the records, and the value of the records to the Government. Id. at 869.

In the case at bar, plaintiff does not assert that his arrest lacked probable cause or resulted from police harassment. Sullivan v. Murphy, 478 F.2d 938, 968–69 (D.C. Cir.), cert. denied, 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973); Hughes v. Rizzo, 282 F. Supp. 881 (E.D.Pa. 1968). Rather, Constable states that he "was just over 18 years of age at the time of the incident, and has learned a great deal since that time, and [he] sincerely regrets having been involved in the incident." (Petitioner's Complaint at ¶ 13). Indeed, petitioner acknowledges that the record accurately reflects the arrest and subsequent dismissal. (Petitioner's Complaint at ¶ 12).

 This Court recognizes that

[I]nformation denominated in a record of arrest if it becomes known, may subject the individual to serious difficulties. Even if no direct economic loss is involved, the injury to an individu-

---

[1] The Government entered into a stipulation with petitioner for a consent decree and judgment granting expunction.

al's reputation may be substantial [footnote omitted]. Economic losses themselves may be both direct and serious. Opportunities for schooling, employment, or professional licenses may be restricted or non-existent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration of the charges involved [footnote omitted]. An arrest record may be used by the police in determining whether subsequently to arrest the individual concerned [footnote omitted] or whether to exercise their discretion to bring formal charges against an individual already arrested [footnote omitted] . . . Adverse action taken against an individual because of his arrest record is premised upon certain assumptions regarding the meaning of an arrest [footnote omitted]. Insofar as these assumptions differ from reality, the adverse actions will have an erroneous basis [footnote omitted].

United States v. Dooley, 364 F. Supp. 75, 77–8 (D.C.Pa. 1973), citing, Kowall v. United States, 53 F.R.D. 211, 214 (W.D.MI. 1971).

■ On the other hand, the court acknowledges that there are legitimate law enforcement needs in maintaining arrest records. They may provide legitimate leads and questionable background information and may properly assist in resolving criminal actions. In the instant case, petitioner was properly arrested, charged and prosecuted by the government. His completion of the pretrial intervention program and the subsequent dismissal of the Burglary III charge does not, standing alone, warrant expunction of his record.

■ Accordingly, petitioner's motion for expunction of his record and for the issuance of a preliminary injunction to restrain defendants from entering the arrest of March 19, 1981, to his police record is denied.

## ORDER

For the reasons set forth in the Memorandum Opinion on even date herewith, it is

ORDERED that plaintiff's Motion for expunction of his police record and for the issuance of a preliminary injunction to restrain defendants from entering the arrest of March 19, 1981, to his police record is hereby DENIED.