**UNITED STATES of America,**

v.

**John DOE, Defendant.**

United States District Court,
S.D. New York.

Jan. 13, 1999.

Marc A. Weinstein, Assistant United States Attorney, SDNY, New York City, for government.

Thomas H. Burt, Litman, Asche & Gioiella, LLP, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

MARTIN, District Judge.

John Doe, who pleaded guilty to a conspiracy charge more than twenty years ago and was sentenced under the Youth Corrections Act, formerly 18 U.S.C. § 5005 et seq. (repealed 1984), now seeks to have the records of his conviction expunged. The Youth Corrections Act provided that if a defendant was discharged before the expiration of the maximum term of supervision, he was entitled to have his conviction "automatically set aside and the Commission shall issue to the youth offender a certificate to that effect." 18 U.S.C. § 5021 (repealed 1984).

The issue presented here is whether that language requires the expunging of the Court's records relating to the conviction. This issue has not been decided by the Second Circuit and has divided those Circuits which have addressed it. *Compare United States v. Doe,* 980 F.2d 876, 882–83 (3d Cir. 1992) (concluding that the Youth Corrections Act authorized expunction of the records of a conviction that had been set aside pursuant to § 5021), *and Doe v. Webster,* 606 F.2d 1226, 1243–44 (D.C.Cir.1979) (same), *with United States v. Doe,* 892 F.2d 1042, 1043 (4th Cir.1989) (concluding that the Youth Corrections Act did not authorize expunction of the records of a conviction that had been set aside pursuant to § 5021), *and United States v. Doe,* 747 F.2d 1358, 1359 (11th Cir.1984) (same), *and United States v. Doe,* 732 F.2d 229, 232 (1st Cir.1984) (same), *and United States v. Doe,* 556 F.2d 391, 393 (6th Cir.1977) (same), *and United States v. McMains,* 540 F.2d 387, 389 (8th Cir.1976) (same). The competing arguments why the statutory language should or should not be construed to require expunction are fully set forth in those decisions and the thoughtful opinion of Judge Motley of this Court in *United States v. Hall,* 452 F.Supp. 1008 (S.D.N.Y.1977), and no purpose would be served by repeating them here. It is sufficient to note that the reasoning of those cases denying expunction is more persuasive.

While expunging a record may be an appropriate remedy where an arrest is unconstitutional, *Tatum v. Morton,* 562 F.2d 1279, 1285 (D.C.Cir.1977); *Sullivan v. Murphy,* 478 F.2d 938, 971 (D.C.Cir.), *cert. denied,* 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973), it does not seem appropriate where a conviction was valid when entered. The basic poli-

cy question is best presented by examining the relief ordered by the District of Columbia Court of Appeals when it ordered expunction in *Doe v. Webster:*

> Once notified of the entry of a set-aside order, [the F.B.I., the Attorney General and the Secretary of the Treasury] and their agents will be required to respond in the negative to any and all inquiries concerning the set aside conviction. Similarly, the ex-offender whose conviction is or has been set aside under section 5021, may legally reply in the negative to any and all questions concerning his former conviction.

606 F.2d at 1244.

Such judicially mandated prevarication seems an extreme remedy and one that we should not lightly imply that Congress intended. It is one thing to say that an illegal arrest is not an arrest, and therefore one who has been illegally arrested can truthfully state that he has not been arrested. It is a far cry, however, to say that one who has been legally convicted of a crime may truthfully say that he has not been convicted and that law enforcement officials must falsely state that the defendant was not convicted. There are many collateral consequences of a conviction, such as statutory disqualification from certain types of employment and from holding public office, that Congress rightly removed from youthful offenders who successfully completed periods of supervision. The fact that Congress was willing to do that does not suggest that Congress intended to require those involved in the administration of justice to rewrite history.

It may be that some employers will not hire someone whose conviction has been set aside, but it is also likely that an employer would fire an employee who stated on an employment application that he had never been convicted of a crime if the employer subsequently learned that the employee had been convicted but the conviction had been set aside. In any event, honesty seems the best policy, and it is better to hope that a prospective employer will recognize that society has made the judgment that a youth who made a mistake but responded positively to supervision is entitled to a second chance.

■ Some cases have held that a court has the inherent power to expunge its records of a conviction in extraordinary circumstances. *United States v. Schnitzer,* 567 F.2d 536, 539–40 (2d Cir.1977), *cert. denied,* 435 U.S. 907, 98 S.Ct. 1456, 55 L.Ed.2d 499 (1978); *United States v. Doe,* 935 F.Supp. 478 (S.D.N.Y.1996). While the Court would be reluctant to exercise that power for the reasons stated above, this is clearly not the case to exercise such discretion. The defendant was convicted of participating in a conspiracy that put lives in danger. While he denies that he believed lives would be jeopardized by his conduct, such a danger was reasonably foreseeable. Thus, to the extent that the Court has the discretion to expunge the record of the defendant's conviction, it declines to do so.

For the foregoing reasons, the defendant's application for an order expunging the records of the Court relating to his conviction is denied.

**SO ORDERED.**